# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| HENRY RASHAD WILLIS,<br>*Private Trustee of the Henry*<br>*Rashad Willis Revocable Trust,*<br>*Secured Party Creditor,*<br>*Beneficiary & Authorized Agent*<br>*a/k/a Henry Rashad of the Family*<br>*Willis*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MISSOURI DEPARTMENT OF<br>SOCIAL SERVICES – FAMILY<br>DIVISION, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 4:25-cv-01471-HEA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Henry Rashad Willis's application to proceed in district court without prepaying fees or costs. Having reviewed the financial information contained in the application, the Court will grant the application and waive the filing fee. However, for the reasons explained below, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**Background**

Plaintiff alleges his is the "living man and duly authorized Trustee of the HENRY RASHAD WILLIS REVOCABLE TRUST, operating exclusively in equity and under fiduciary obligation." He states that beginning in December 2024, his earnings and disability payments have been subjected to garnishment under an "Income Withholding Order that was issued without verified claim, judicial oversight, or constitutional due process." ECF No. 3-1 at 1. He alleges that on November 20, 2024, Defendants issued this allegedly unlawful order based on a false debt claim involving Defendant Shamara Sampler, "who retaliated against Plaintiff after the birth of a separate child, and misused Plaintiff's SSN and legal fiction name to create a fraudulent liability." ECF No. 1 at 3. Plaintiff has not attached to his pleadings the alleged trust documents establishing the trust, nor has he attached the alleged "Income Withholding Order."

**Discussion**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a plaintiff who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court must determine whether subject-

2

matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Based on a review of the Missouri state court docketing system, Missouri Case.Net, the Circuit Court of St. Louis County issued an order of child support payments against Plaintiff on October 17, 2024 in *Sampler v. Willis*, No. 24SL-DR04208 (St. Louis County). The state court order found that Plaintiff is the presumed legal father of two minor children, having acknowledged paternity of the children by affidavit. *Id.* The order requires Plaintiff to pay $1,405 per month in child support for these children. It also authorizes Plaintiff's employer to immediately withhold Plaintiff's income. *Id.* Plaintiff has not challenged or sought to modify this order in state court.  *See id.*; *see also* Judgment entered on October 17, 2024.

This Court lacks subject matter jurisdiction over the child support issues at the center of the underlying state court proceeding. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890). With respect to such family law matters, the domestic relations exception divests the federal courts of jurisdiction over a narrow range of cases implicating domestic relations issues, such as divorce, allowance of alimony,

child custody, and child support. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013).

Here, the substance of the state court case Plaintiff seeks to challenge is the underlying child support order. Plaintiff ultimately seeks to have this Court overturn a state court judgment mandating child support payments. As such, the state court would be better equipped to handle the issues that have arisen during the child support proceedings. *See Overman v. U.S.,* 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension . . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts." (cleaned up)). Accordingly, this Court finds it lacks subject matter jurisdiction over this action.

For these reasons, the Court will order Plaintiff to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's failure to respond to this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs **GRANTED**.  [ECF No. 3]

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing and within **14 days** of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order will result in dismissal of this action without prejudice and without further notice to Plaintiff.**

Dated this 30th day of September, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE